UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **PETER CELESTINE** | **CIVIL ACTION NO. 6:13-cv-2371** |
|     LA. DOC #110116 | |
| VS. | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **WARDEN TERRY TERRELL** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Peter Celestine, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* on July 29, 2013. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana and is serving the hard labor sentence imposed following his conviction for simple burglary and his adjudication as a multiple offender in Louisiana's Sixteenth Judicial District Court, Iberia Parish. Petitioner does not attack his conviction, adjudication, or the sentence imposed by the District Court; rather, he complains that the Department of Corrections has erroneously deprived him of 403 days of good-time credits. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred or, in the alternative that it be **DISMISSED WITHOUT PREJUDICE** because available State court remedies were not exhausted prior to filing suit.

*Statement of the Case*

In 1994, petitioner was convicted of various felonies in the Sixteenth Judicial District

Court, Iberia Parish. He was thereafter adjudicated a multiple offender and sentenced to serve 17 years at hard labor. This prosecution was assigned Docket No. CR-95-839. Petitioner's attempts to collaterally attack the conviction, adjudication, and sentence in the Louisiana courts were unsuccessful. *State of Louisiana ex rel. Peter Celestine v. State of Louisiana*, 2001-2255 (La. 4/26/2002), 814 So.2d 554; *State of Louisiana v. Peter Celestine*, 2004-1130 (La. 3 Cir. 2/2/2005), 894 So.2d 1197, *rehearing denied*, 3/23/2005; *State of Louisiana ex rel. Peter Celestine v. State of Louisiana*, 2005-1401 (La. 2/17/2006), 924 So.2d 1001; *State of Louisiana ex rel. Peter Celestine v. State of Louisiana*, 2006-2889 (La. 9/21/2007), 964 So.2d 328; *State of Louisiana ex rel. Peter Celestine v. State of Louisiana*, 2009-0345 (La. 11/20/2009), 25 So.3d 793.

Furthermore, petitioner has, on multiple occasions, attacked the conviction, adjudication, and sentence by way of petitions for *habeas corpus* filed in this Court pursuant to 28 U.S.C. §2254. *See Celestine v. Warden*, *Washington Correctional Institute*, No. 6:01-cv-0099 [petition filed on January 18, 2001 denied as time-barred by the provisions of 28 U.S.C. §2244(d) on May 11, 2001 and COA denied by the Fifth Circuit Court of Appeals on May 6, 2003 because motion for appeal was untimely (*Celestine v. Warden*, No. 03-30323)]; *Celestine v. Warden, Allen Correctional Center*, No. 6:03-cv-0609 [petition struck as deficient on June 18, 2003]; and *Celestine v. Warden, Allen Correctional Center*, No. 6:03-cv-1255 [petition determined to be second and successive and transferred to the Fifth Circuit Court of Appeals which denied authorization for filing on February 20, 2004 (*In re: Celestine*, No. 04-30008)].

Petitioner filed the instant petition on July 29, 2013. As noted above, he does not attack his conviction, his adjudication as a multiple offender, or the sentence imposed by the Sixteenth

2

Judicial District Court. Instead, he claims that "good-time" credits were forfeited without notice or a hearing in violation of his rights to due process. [Doc. 1, ¶12] More precisely, he claims that the Department of Corrections "took the good-time I had earned ... on the simple robbery charge and attached to my habitual offender sentence which ... extended my habitual offender sentence." [Doc. 1, p. 18] Petitioner also provided a memorandum dated July 26, 2004 from Priscilla Pitre, a Department of Corrections Records Analyst, which stated,

> Please be advised that your [discharge] date has been changed to reflect the legal opinion of the Department of Corrections is this: if you had earned good time under Act 138, and the good time was available to take, then yes you can forfeit it. This is your case. You had earned a total of 403 days good time when you were under Act 138. Even though you had started serving your consecutive sentence flat, you still had earned good time under Act 138. The legal department contends if the good time was earned, then it can be forfeited. [Doc. 1-1, p. 1]

On August 10, 2010, petitioner filed a grievance with the Allen Corrections Center Warden concerning the calculation and resulting loss of good time credits. This grievance was assigned Case Number ALC-2012-006 and was ultimately rejected as untimely on January 9, 2012. [Doc. 1-1, pp. 6-7] According to petitioner he appealed this rejection to the Secretary of the Department of Corrections but has not received a response. [Doc. 1, p. 6] He filed the instant petition pursuant to Section 2254 on July 29, 2013 seeking the restoration of the allegedly unlawfully forfeited good time credits.

## *Law and Analysis*

Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is in custody pursuant to the judgment of a Louisiana Court, and, although he attacks the calculation of his Louisiana sentence based on the allegedly improper forfeiture of good-time credits, and not his conviction, adjudication, or sentence, his *habeas* petition arises under 28 U.S.C. §2254. *See*

*Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also McGary v. Scott*, 27 F.3d 181, 183 (5th Cir.1994) (petition alleging the improper denial of good-time credits arose under § 2254 and was subject to the Rules Governing § 2254 cases); *Story v. Collins*, 920 F.2d 1247-51 (5th Cir.1991)."

Title 28 U.S.C. §2254 was amended by the Anti-terrorism and Effective Death Penalty (AEDPA) Act of 1996. Thus, this petition is subject to the AEDPA's rules concerning successive petitions (28 U.S.C. §2244(b)), limitations (28 U.S.C. §2244(d)), and exhaustion of state court remedies (28 U.S.C. §2254(b)).

### *Successive Habeas Corpus Petitions*

Title 28 U.S.C. §2244(b)(3)(a) divests jurisdiction from the District Courts with regard to second or successive petitions for *habeas corpus* filed pursuant to Section 2254 and provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

As noted above, petitioner has filed two petitions attacking his conviction, adjudication, and sentence. His first attempt was dismissed as time-barred. *See Celestine v. Warden, Washington Correctional Institute*, No. 6:01-cv-0099. A subsequent *habeas* petition was filed in this Court and then transferred to the Fifth Circuit where permission to file the successive petition was denied. *Celestine v. Warden, Allen Correctional Center*, No. 6:03-cv-1255 [petition determined to be second and successive and transferred to the Fifth Circuit Court of Appeals

which denied authorization for filing on February 20, 2004 (*In re: Celestine*, No. 04-30008)].

A *habeas corpus* petition is not successive, however, just because it follows a previous petition. *In re: Cain*, 137 F.3d 234 (5th Cir. 1998). Generally, however, when the grounds for the subsequent petition did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect must be considered non-successive. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); see also *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003) (the attack on the administration or computation of a sentence may be considered as non-successive unless the factual basis of the latter petition existed at the time of the first petition, citing *In re Cain*, 137 F.3d at 235-36)).

Here, as noted above, petitioner attacks neither his conviction nor his multiple offender adjudication, nor the imposition of sentence in the Sixteenth Judicial District Court. Instead, he attacks the forfeiture of good-time credits and the calculation of his release date by the Department of Corrections. Further, the available evidence suggests that the complained of event occurred on or about July 26, 2004, the date Priscilla Pitre, a Department of Corrections Records Analyst, advised petitioner that his accumulated good-time credits had been forfeited and his sentence and release date recalculated accordingly. [Doc. 1-1, p. 1] Clearly then, the factual basis of this claim did not exist until a point in time after the filing of petitioner's previous *habeas* petitions. In short, this petition should not be considered successive.

### *Limitations*

*Habeas corpus* petitions filed pursuant to Section 2254 are subject to a 1-year statute of limitations; this 1-year period of limitations is reckoned from the latest of four different events: (1) the date of finality of judgment; (2) the date when an impediment to filing created by State

action is removed; (3) the date when the constitutional right asserted by the petitioner was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the factual predicate of the claim was or could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(A), (B), (C), and (D).

The limitations period defined by § 2244(d)(1) is applied to petitions collaterally attacking a State prisoner's conviction and sentencing; it is also applicable to petitions attacking the calculation of the sentence, the applicability of good-time, and the determination of the prisoner's release date. Indeed, the objects of both kinds of petitions are the same – a shorter period of confinement pursuant to the original judgment.

However, it is clear that the limitations period may not be calculated as provided in (d)(1)(A) because while the petitioner is in custody pursuant to the judgment of a State court, the petition itself does not attack the judgment of a State court. Instead, this petition attacks a post-conviction event – the forfeiture of accumulated good-time credits – and, the available evidence indicates that this event occurred on July 26, 2004, the date that the Ms. Pitre notified petitioner of the Department's actions. Thus, limitations should be reckoned from the date that the factual predicate of the claim presented was or could have been discovered. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002) (The 1-year limitations period under AEDPA began to run from date of on which the *habeas* petitioner's good-time credits were forfeited. 28 U.S.C.A. § 2244(d)(1)(D).)

Petitioner was aware of the forfeiture of his good-time credits and the recalculation of his sentence on July 26, 2004 when he was notified of the Department's actions by Ms. Pitre. Thereafter, petitioner had 1-year from July 26, 2004 to file his petition for *habeas corpus*. He

cannot rely upon statutory tolling (see 28 U.S.C. §2244(d)(2)) nor equitable tolling since it does not appear that he attempted to resolve this problem through the administrative remedies process until he filed his untimely grievance in 2010, and by the time he filed this grievance the limitations period had long expired.

Further, another period well in excess of 1- year elapsed between the date petitioner's grievance was rejected as untimely by the Warden on January 9, 2012 [Doc. 1-1, pp. 6-7] and the date petitioner filed the instant petition on July 29, 2013. Of course, petitioner contends that he filed an appeal of his grievance to the Secretary of the Department and that he still awaits a response. However, under the Louisiana regulations governing prisoner grievances, the Secretary must respond within 45 days of the filing of the grievance [see 22 La. ADC Pt I, §325(J)(2)], and, "... the expiration of response time limits ... entitle the offender to move on to the next step in the process." 22 La. ADC Pt I, §325(J)(4). Thus, even if petitioner's statement is true, the formal grievance period ended 45 days after petitioner's grievance was rejected by the Warden, or sometime in the latter part of February 2012. A period well in excess of 1-year elapsed between that date and the date he filed the instant petition in July 2013.

This petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1) and petitioner has not established his entitlement to either statutory or equitable tolling.

### *Exhaustion of State Court Remedies*

In the event that petitioner objects and establishes that his petition is not time-barred, or that he is entitled to statutory or equitable tolling, his petition must still be dismissed because he failed to exhaust available State court remedies as required by law.

Section 2254 provides:

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In Louisiana, a challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176. When administrative remedies have been exhausted, an inmate can seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15. If unsuccessful at the district court level, the inmate may appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1). Should petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.C.Civ.P. art. 2201; La.C.Cr.P. art. 922. Here, petitioner did not complete administrative review process and clearly did not seek judicial review in either the Nineteenth Judicial District Court, the First Circuit Court of Appeals, or the Louisiana Supreme Court.

The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead*

*v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Petitioner failed to complete the administrative remedies process and apparently did not even begin the Court process as required by Louisiana law. Clearly then, State court remedies remain

unexhausted.

*Recommendation*

Petitioner's claim for *habeas corpus* is either time-barred or technically exhausted but now procedurally defaulted.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d); in the alternative, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies prior to filing suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana 24th day of September, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE